BARHAM, Justice.
By bill of information filed in the Nineteenth Judicial District Court, defendant was charged with simple escape, a violation of La.R.S. 14:110. Thereafter, defendant filed a motion to quash the information, alleging that the district court lacked jurisdiction. Defendant’s motion to quash was granted by the district court; the State appeals from the quashing of the bill of information.
Defendant, while a juvenile, had been committed to Louisiana Training Institute by the Family Court in Baton Rouge. The basis of the charge of simple escape filed against him was his action in absenting himself without permission from the confines of the Louisiana Training Institute. Defendant was subsequently arrested and charged with escape in the district court.
The State contends that the district court has jurisdiction over this criminal proceeding. Defendant contends that the Family Court of Baton Rouge retains jurisdiction over him until he attains the age of twenty-one and cites La.Const. Art. VII, § 52 and La.R.S. 13:1570 in support of his contention. Finding that the bill of information charging the defendant with simple escape is fatally defective for reasons hereinafter set forth, we pretermit a determination of the jurisdictional issue.
Simple escape, proscribed by La.R.S. 14:110, is defined, in pertinent part, as follows :
“A. Simple escape is:
(1) The intentional departure of a person, while imprisoned, whether before or after sentence, * * * from lawful *328 custody of any officer of the Department of Corrections or any law enforcement officer or from any place where he is lawfully detained by any law enforcement officer * * (Emphasis here and elsewhere supplied.)
Our statutory scheme establishing the Louisiana Training Institute clearly sets forth that the Institute’s population shall be composed of “ * * * child[ren] who [have] been adjudged a proper person[s] for commitment as defined by law, by any Louisiana court exercising juvenile court jurisdiction * * La.R. S. 15:901. Other pertinent statutory provisions clearly disclose that a juvenile’s commitment is not tantamount to imprisonment and that the order of commitment is not a sentence.[1] Therefore, a juvenile committed to Louisiana Training Institute cannot be guilty of the crime of escape.
Louisiana Training Institute, by statute, is an institution which houses juveniles committed to the custody of the Department of Corrections; thus, committed juveniles are not '“imprisoned” within the meaning of the escape statute.
C.Cr.P. Art. 465 provides, in pertinent part:
“The following forms of charging offenses may be used, * * * :
sji %
“Simple Escape — A. B. escaped from C. D. a_ (state official status of person escaped from ) ; or A. B. escaped from _ (state place of official detention).”
Since the defendent was not “imprisoned” in Louisiana Training Institute and since that institution is exclusively a place of “commitment” for juveniles like the defendant, Louisiana Training Institute is not a “place of official detention” within the meaning of the short indictment form set forth in C.Cr.P. Art. 465. The State’s attempt to charge the defendant with escape under the short form indictment is therefore fatally defective since an allegation that there was an escape from Louisiana Training Institute does not satisfy the short form requirement that the escape be from a “place of official detention”.
For the reasons set forth above, we hold that the district court’s action in ordering the bill of information quashed was not error. The ruling is therefore affirmed.
* * * * * *
SANDERS, C. J., dissents for the reasons assigned by Mr. Justice MARCUS.
SUMMERS, J., dissents for the reasons assigned by Mr. Justice MARCUS.
MARCUS, J., dissents and assigns reasons.

. R.S. 13:1580 provides, in pertinent part:
“No adjudication by the court upon the status of any child shall operate to impose any of the civil disabilities ordinarily resulting from conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction. * * * »
R.S. 15:906 provides, in pertinent part: “It is hereby declared to be the public policy of this state that commitment of a juvenile to the care of the Department of Corrections is not punitive nor in anywise to be construed as a penal sentence, but as a step in the ■ total treatment process toward rehabilitation