SANDERS, Chief Justice.
The State charged Stanley Emerson and Jules Duperon with simple escape from the Louisiana Training Institute in East Baton Rouge Parish, where they had been committed after delinquency proceedings in juvenile court. At the time of their escape, December 18,1975, each was over seventeen years of age, and the prosecution was instituted in the Nineteenth Judicial District Court for East Baton Rouge Parish. Ultimately, the trial judge quashed both charges on the ground that the simple escape statute, LSA-R.S. 14:110, did not apply to escapes by persons committed to the Louisiana Training Institute.[1] We granted supervisory writs to review the rulings of the trial judge.
In a motion filed in this Court, Emerson, attacks the district court’s jurisdiction. Basically, this defendant contends that once the juvenile court has obtained jurisdiction of a juvenile by virtue of an adjudication, the juvenile court retains jurisdiction as to all criminal conduct of the juvenile until he reaches the age of 21. To support this contention, he relies upon several sections of the Juvenile Court Act, especially LSA-R.S. 13:1569, LSA-R.S. 13:1570, and LSA-R.S. 13:1572.
In pertinent part, LSA-R.S. 13:1569 provides:
“When used in this part, unless the context otherwise, requires:

“3. ‘Child’ means a person less than seventeen years of age. The term ‘child’ also means a person over seventeen but who committed an act of delinquency before attaining the age of seventeen years.
u * * *
*1150 In defining child, this section establishes the age for juvenile court jurisdiction at less than seventeen years. It also makes clear, however, that the age at the time of the act of delinquency governs. If the act of delinquency was committed before a child becomes seventeen, the juvenile court has jurisdiction although the child may attain the age of seventeen prior to the delinquency proceeding.
LSA-R.S. 13:1570, also relied on, reads in pertinent part as follows:
“Except as otherwise provided herein, the court shall have exclusive original jurisdiction in proceedings:
“A. Concerning any child whose domicile is within the parish or who is found within the parish:
u * * *
“(5) Who violates any law or ordinance, except a child who, after having become fifteen years of age, is charged with having committed a capital crime, or a crime defined by any law defining attempted aggravated rape; provided that once such a child has been actually charged with a capital crime, armed robbery, or attempted aggravated rape, the” district court shall retain jurisdiction over his case, even though the child pleads guilty to, or is convicted of, a lesser included offense; and a plea to, or conviction of, a lesser included offense shall not revest the juvenile court with jurisdiction of such a child.
U if! * *
“B. Concerning any minor seventeen years of age or older whose domicile is within the parish or who is found within the parish charged with having violated any law or ordinance prior to having become seventeen years of age, except a minor seventeen years of age or older charged with having committed a capital crime or a crime defined by any law defining aggravated rape after having become fifteen years of age.
(I * « *
Paragraph A(5) provides that the juvenile court shall have jurisdiction of “any child” who violates any law or ordinance with the exception noted. The word child, of course, means a person less than seventeen years of age, as defined elsewhere in the act.
Paragraph B is a substantial reiteration of LSA-R.S. 13:1569(3), that the juvenile court has jurisdiction of a child who has attained seventeen years of age for an act of delinquency committed prior to seventeen.
Finally, the mover relies upon LSA-R.S. 13:1572, reading in pertinent part:
“When jurisdiction shall have been obtained by the court in any case as provided in R.S. 13:1570 or in the case of any person under twenty-one years of age as provided in R.S. 13:1571 such child or such person under twenty-one years of age shall continue under the jurisdiction of the court until he becomes twenty-one years of age unless discharged prior thereto by the court. A child adjudicated delinquent before his thirteenth birthday or any child whose confinement has not been based on a finding of delinquency must be released upon attaining his eighteenth birthday.
U * * *
“Until such time as the child attains twenty-one years of age or shall have been ordered discharged by the court, the court shall not be divested of jurisdiction, but shall retain same notwithstanding said child might have been placed by proper authority outside of the designated territorial jurisdiction of said court.”
Mover’s reliance upon these provisions is likewise misplaced. Essentially, they mean that when the juvenile court has obtained jurisdiction “in any case,” that court retains jurisdiction to issue further orders in the case concerning the child until he reaches the age of twenty-one, unless the court discharges him earlier. The statute makes a special exception for a child adjudicated a delinquent prior to his thirteenth birthday. The same juvenile court that adjudicated the child a delinquent retains jurisdiction to issue further orders in the case, though the child has been officially placed outside its territorial jurisdiction.
*1151 In the present case, the State has charged the defendants with a crime allegedly committed after they attained the age of seventeen. The charge falls within the original jurisdiction of the district court. LSA-Const. Art. 5 § 16 (1974); LSA-C.Cr.P. Art. 16.
We conclude that the attack upon the jurisdiction of the district court is without merit.
As we have observed, the trial judge quashed the bills of information on the ground that LSA-R.S. 14:110, the simple escape statute, did not apply to an escape from the Louisiana Training Institute.
Prior to its amendment, effective September 12, 1975, LSA-R.S. 14:110 provided in pertinent part:
“A. Simple escape is:
(1) The intentional departure of a person, while imprisoned, whether before or after sentence, under circumstances wherein human life is not endangered, from lawful custody of any officer of the Department of Corrections or any law enforcement officer or from any place where he is lawfully detained by any law enforcement officer . . .
In State v. Williams, La., 301 So.2d 327 (1974), this Court held that a juvenile’s commitment is not tantamount to imprisonment and that the order of commitment is not a sentence. Since juveniles were not considered “imprisoned” within the meaning of the statute, Louisiana Training Institute was not a “place of official detention” as contemplated by the short form indictment for simple escape. LSA-C.Cr.P. Art. 465. The Court held that the short form indictment used in State v. Williams, supra, was fatally defective.
Subsequent to our decision in State v. Williams, supra, Act 450 of 1975, effective September 12, 1975, amended the simple escape statute to read as follows:
“A. Simple escape is:
(1) The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, detained, or otherwise in the lawful custody of any law enforcement officer or officer of the Department of Corrections from any place where such person is legally confined . . . (Italics ours.)
Obviously, the amendment represents a legislative effort to adapt the statute to this Court’s decision. The statute now includes commitment, detention, or other lawful custody, as well as imprisonment. The Louisiana Training Institute, of course, is a custodial and rehabilitative institution for delinquent youth operated by the Department of Corrections. LSA-R.S. 15:902, 904.
The defendants assert, however, that the statute is rendered inapplicable to them by the restriction imposed by the words “legally confined.” They argue that the statutes relating to commitment of juveniles at the time of the escape, especially LSA-R.S. 13:1580, merely authorized the judge to “assign the custody of the child” to an institution. They draw a distinction between being in the custody of Louisiana Training Institute and being legally confined there. They attempt to bolster their argument by pointing out that Act No. 756 of 1975 introduced the concept of confinement into LSA-R.S. 13:1580 for the first time, but that the act did not become effective until January 1, 1976, after the date of the present charge.[2]
The argument is tenuous. The statutory language “assign the custody” is used in the sense of a judicial commitment, that is, an order placing the child under the control of the institution. See LSA-R.S. 13:1569(7)(11). In our opinion, a juvenile *1152 duly committed to the Louisiana Training Institute is legally confined there within the meaning of LSA-R.S. 14:110.
Moreover, defendants are in error in asserting that Act 756 of 1975 did not become effective until January 1, 1976. Article 3, Section 19 of the Louisiana Constitution (1974) provides that all laws shall take effect on the sixtieth day after final adjournment of the legislative session unless the act specifies an earlier or later effective date. Therefore, Act 756 of 1975 became effective on September 12, 1975, unless it specifies a later effective date.
Defendants rely upon Section 4 of the statute, which provides:
“Notwithstanding the provisions-of this act, children in need of supervision may be committed to the custody of the Department of Corrections until January 1, 1976.”
This section, in our opinion, is not one specifying a later effective date for the statute within the meaning of the constitutional provision. It merely provides that for a limited period after the effective date any child in need of supervision may be committed to the custody of the Department of Corrections, notwithstanding the restrictions based on the minimum age of thirteen. Compare Act 155 of 1974 (Section 2). Clearly, therefore, the section is correctly characterized as a transitional provision, rather than a specification of a later effective date for the act, which deals with various procedures in the juvenile courts.
We conclude that LSA-R.S. 14:110, as amended, clearly encompasses the escape of a person committed to the Louisiana Training Institute.
For the reasons assigned, the ruling of the district court sustaining defendants’ Motions to Quash and Motion to Vacate and Set Aside Conviction and Sentence is reversed' and set aside, and the case is remanded to the district court for further proceedings consistent with the views herein expressed.
TATE and DENNIS, JJ., concur for reasons assigned.
DIXON, J., dissents.
CALOGERO, J., dissents and assigns reasons.

. As to Emerson, who had pleaded guilty, the trial judge also set aside his conviction.

. ‘.‘(a) A child over the age of thirteen who has been adjudged a proper person for commitment based on a finding of delinquency may be confined for an indefinite period but in no case beyond his twenty-first birthday. However, no such child shall be confined for a period which exceeds the length of time for which an adult could be confined if convicted of the offense which formed the basis for the adjudication of delinquency. Children with a temporary excused absence or adults in this category may be recommitted until their twenty-first birthday.” (Italics ours.)