TATE and DENNIS, Justices,
concurring.
We, like the trial court, find it difficult to believe that the legislature intended to make youths subject to criminal penalties, if they depart from the minimum-security institutions of the Department of Corrections to which committed by the juvenile courts. However, provided the youth is over seventeen years of age at the time of the escape, we are persuaded, for the reasons stated by the majority, that such is the proper construction of La.R.S. 14:110, as amended by Act 450 of 1975.
We do further note that a juvenile so committed is not “sentenced” to the Department of Corrections. State v. Williams, 301 So.2d 327 (La.1974). See La.R.S. 13:1580; La.C.Cr.P. art. 871. We do not read the majority opinion as holding otherwise.
Therefore, an escapee over seventeen detained as a juvenile is not subject to mandatory imprisonment in the penitentiary (as is one who escapes after “having been sentenced to the Department of Corrections”, La.R.S. 14:110 A), but he is instead subject only to imprisonment in the parish jail, and then only at the discretion of the trial court (which may of course suspend a sentence and permit the return of the juvenile to the juvenile facility).[1]

. See La.R.S. 14:110 A: “ * * * Whoever not having been sentenced to the Department of Corrections commits the crime of simple escape, shall be imprisoned for not more than one year and any such sentence shall not run concurrently with any other sentence.” (Italics ours.)