CALOGERO, Justice,
dissenting.
Defendants Emerson and Duperon were not persons legally confined to the Louisiana Training Institute such that they could *1153 have been guilty of violating La.R.S. 14:110 as amended by Act 450 of 1975 effective September 12, 1975. This is so in my view, notwithstanding that amendment to R.S. 14:110 followed this Court’s decision in State v. Williams, 301 So.2d 327 (La.1974). My view is bolstered by the fact that statutes relative to commitment of juveniles at the time these defendants were probably[1] “sentenced” to Louisiana Training Institute merely authorized the judge to assign the custody of the child to the institution.
It may be true as the majority states that Act 756 of 1975 in its relevant “confinement” provision became effective before the date of the alleged escape, i. e., December 18, 1975. This only means, however, that a person “sentenced” by a juvenile court judge on or after September 12, 1975, might legally have been “confined.” It does not however mean that these defendants who were only legally committed prior to the effective date of the amendment to R.S. 13:1580 were “confined” by operation of law on September 12, 1975.
Because criminal laws are stricti juris I believe that the trial judge was correct when he found the defendants were not legally confined to the Department of Corrections on December 18, 1975 when they allegedly escaped from Louisiana Training Institute.
Accordingly I dissent.

. Emerson was committed by a judge of Juvenile Court for the Parish of Orleans to Louisiana Training Institute on November 26, 1974, according to his brief. Duperon’s date of “sentencing” is not evident from the record, but it too was probably before September 12, 1975, the effective date of Act 756 of 1975, for he was over seventeen years old and an adult on December 18, 1975, the date of the alleged escape. This uncertainty should at least prompt a supplementation of the record before this Court overrules the trial court’s quashing of the bill of information.